ORIGINAL

LODGED

CHING, YUEN & MORIKAWA

RANDALL I. MORIKAWA #2058-0
Pacific Tower, Suite 2770
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone:  524-8880

OCT 27 2008
1:15 pm
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 29 2008

at 8 o'clock and 10 min. A M
SUE BEITIA, CLERK

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the use of HAWAII SHEET METAL WORKERS' TRUST FUNDS (Pension, Annuity, Health & Welfare, Vacation & Holiday, Training and Industry Improvement Funds, by their Trustees, Elbert T. Saito, Earle S. Matsuda, Garner Shimizu, Yoshiko Kawakami, Arthur Tolentino, Michael Afuso and Paul Fujinaga); and NATIONAL STABILIZATION AGREEMENT OF SHEET METAL INDUSTRY TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. CV08 00343 DAE KSC FINDINGS OF FACT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT 3-D SHEETMETAL, L.L.C.; AND CERTIFICATE OF SERVICE |
| Plaintiffs, | ) ) ) | Hearing Date:  10/21/08 Hearing Time:  9:30 a.m. MAGISTRATE KEVIN S. CHANG |
| vs. | ) ) ) | |
| 3-D SHEETMETAL L.L.C., | ) ) | |
| Defendants. | ) ) ) | |

FINDINGS OF FACT AND RECOMMENDATION TO GRANT MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT 3-D SHEETMETAL L.L.C.

Plaintiffs' Motion for Default Judgment against Defendant

3-D Sheetmetal L.L.C. (the "Motion") having come on for hearing before

the HONORABLE KEVIN S. CHANG, Magistrate, on October 21, 2008, at 9:30 a.m.; and Plaintiffs having been represented by RANDALL I. MORIKAWA, ESQ., and no other parties having appeared; the Court, having considered the argument of counsel, both written and oral, and being fully apprised in the premises, and for good cause appearing, makes the following findings of fact and recommendations:

## DISCUSSION

The following Findings are based on the evidence before the Court:

## FINDINGS OF FACT

1.    Plaintiffs are:  (a) the Trustees of HAWAII SHEET METAL WORKERS' TRUST FUNDS (Pension, Annuity, Health & Welfare, Vacation & Holiday, Training and Industry Improvement Funds, by their Trustees, Elbert T. Saito, Earle S. Matsuda, Garner Shimizu, Yoshiko Kawakami, Arthur Tolentino, Michael Afuso and Paul Fujinaga), hereinafter referred to as the "TRUST FUNDS"; and (b) the NATIONAL STABILIZATION AGREEMENT OF SHEET METAL INDUSTRY TRUST FUND, hereinafter referred to as "SASMI".

2.    The TRUST FUNDS were, and now are, employee benefit plans jointly and equally administered by representatives of management and labor and exist under the laws of the United States as multiemployer benefit plans within the meaning of Sections 3 and 4 of ERISA (29 U.S.C. §1002 and §1003) and as express trusts created by written trust agreements subject to, and pursuant to, Section 302 of the Labor-Management Relations Act (29 U.S.C. §186).

3.    SASMI is a trust fund established under 29 U.S.C. §186 as a multiemployer plan and employee benefit plan within the meaning

of 29 U.S.C. §1002.

4.   The TRUST FUNDS have their principal office in the City and County of Honolulu, State of Hawaii.

5.   SASMI has its principal place of business in the Commonwealth of Virginia and does business in the City and County of Honolulu, State of Hawaii.

6.   The UNITED STATES OF AMERICA is named as a Plaintiff herein pursuant to 40 U.S.C. §270b.

7.   Defendant 3-D SHEETMETAL L.L.C., at all times relevant herein was, and is now, a limited liability company duly organized and existing under, and by virtue of, the laws of the State of Hawaii and transacted business in the City and County of Honolulu, State of Hawaii.

8.   Default was entered herein against Defendant August 22, 2008.

9.   This action arises under §301(a) of the Labor-Management Relations Act, as amended, 29 U.S.C. §185(a), et seq.; the Miller Act, as amended, 40 U.S.C. §270b, et seq.; the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1000, et seq.; and as hereinafter more fully appears.

10.   On or about July 24, 2006, Defendant made, executed and delivered to the SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL 293, AFL-CIO, hereinafter referred to as the "Union", that certain Memorandum of Agreement (the "Agreement"), whereby Defendant promised to contribute and pay to Plaintiffs certain sums of money as set forth in that certain Labor and Management Agreement between the Union and the Sheet Metal Contractors Association, the terms of which were incorporated into the Agreement, for each hour of work performed by

Defendant's employees covered by the Agreement, including amounts to be contributed to the TRUST FUNDS and SASMI.

11.   Pursuant to Article XXV, Section 1 of the Addenda to the Agreement, Defendant further agreed that in the event any monthly contributions were not paid or postmarked by the 20th of the month immediately following, Defendant would pay to the TRUST FUNDS liquidated damages equal to 10% of such delinquent contribution for the first month and 1½ % for each and every month that such delinquent contribution is not paid.

12.   Pursuant to Article XXXII of the Addenda to the Agreement, Defendant agreed to the terms of the National Stabilization Agreement of Sheet Metal Industry.  The SASMI Rules and Regulations Establishing Charges for Interest, Liquidated Damages, Counsel Fees and Costs against Delinquent Contributing Employers and Procedure for Collection of Delinquent Accounts provide, in Article II, that an employer who fails to make timely contributions to SASMI shall pay damages in the amount of ten percent (10%) of the contributions due and owing and an additional ten percent (10%) when contributions are received more than thirty (30) days after the date for timely payment.

13.   At all times relevant herein, it was, and now is extremely difficult and impractical to fix the actual expense and damage to Plaintiffs as a result of Defendant's non-payment of the required contributions. The amounts herein alleged as and for liquidated damages represented, and now represent, a reasonable endeavor to ascertain and compensate Plaintiffs for the loss of return on investment, the additional expenses incurred in collection of the overdue amounts and

the delay and/or liability to pay benefits to Plaintiffs' beneficiaries. These damages cannot be allowed to deplete the contributions promptly paid by other employers and jeopardize the efficient and fair administration of Plaintiffs' trust funds and the maintenance of plan benefits.

14.   ERISA (specifically 29 U.S.C. §§1132(g)(2)) provides that in any action brought by trust funds in which a judgment in favor of the trust funds is awarded, the Court shall award:

  (A)   the unpaid contributions,

  (B)   interest on the unpaid contributions,

  (C)   an amount equal to the greater of –

    (i)   interest on the unpaid contributions, or

    (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or State law) of the amount determined by the court under subparagraph (A),

  (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E)   such other legal or equitable relief as the court deems appropriate.

  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 U.S.C. §6621].

15.   Defendant has failed and refused, and continues to fail and refuse, to pay to Plaintiffs the amounts required by the Agreement, and there is now due, owing and unpaid to Plaintiffs the following

02027966                              5

amounts:

Trust Funds:

| | |
|---|---|
| Principal | $25,659.03 |
| Liquidated damages (through 8/25/08) | 8,023.23 |
| TOTAL | $33,682.26 |

SASMI:

| | |
|---|---|
| Principal | $1,296.80 |
| Liquidated Damages | 2,170.38 |
| TOTAL | $3,467.18 |

16.   There is no just reason for delay in entering a final judgment as to Plaintiffs' claims herein against Defendant.

Based on the foregoing, the Court finds that Plaintiffs are entitled to default judgment against Defendant.

## RECOMMENDATIONS

Accordingly, this Court recommends that:

1.   Judgment be entered against Defendant in favor of Plaintiffs in the following amounts:

Trust Funds:

| | |
|---|---|
| Principal | $25,659.03 |
| Liquidated damages (through 8/25/08) | 8,023.23 |
| TOTAL | $33,682.26 |

SASMI:

| | |
|---|---|
| Principal | $1,296.80 |
| Liquidated Damages | 2,170.38 |
| TOTAL | $3,467.18 |

2.    Plaintiffs be awarded attorneys' fees in the amount of $5,240.83 and costs in the amount of $479.77.

3.    The judgment entered by the Court be entered as a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure, as there is no just reason for delay.

DATED:  Honolulu, Hawaii, _____OCT 2 8 2008_____.

_____
Magistrate of the above-entitled Court

_____
Civil No. CV08 00343 DAE KSC
Findings of Fact and Recommendation to Grant
Plaintiffs' Motion for Default Judgment
against Defendant 3-D Sheetmetal L.L.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Findings of Fact and Recommendation to Grant Plaintiffs' Motion for Default Judgment against Defendant 3-D Sheetmetal L.L.C. will be duly served upon the following persons, by United States mail, postage prepaid, at their last known addresses, upon the filing hereof:

> 3-D Sheetmetal L.L.C.
> 2298 Alahao Place
> Unit E
> Honolulu, HI 96819
>
> Defendant

DATED: Honolulu, Hawaii, October 24, 2008.

RANDALL I. MORIKAWA
Attorney for Plaintiffs

02027966